**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARITZA ROMANO,**

        **Plaintiff,**

-vs-                                          Case No.  6:07-cv-34-Orl-19JGG

**ELITE C.M.E., INC., TODD MOWL,**

        **Defendants.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION TO APPROVE SETTLEMENT (Doc. No. 7)**
>
> **FILED:**      **March 6, 2007**
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Plaintiff filed suit on January 9, 2007, against Defendants, her employer, alleging that they failed to pay her overtime wages as required by the Fair Labor Standards Act (FLSA). Docket 1. The parties now jointly move for the Court to approve their settlement and to dismiss the case with prejudice. Docket 7.

    Plaintiff alleged that Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees. The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages,

or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

The Court finds there was a bona fide dispute regarding liability pursuant to the FLSA. The Court further finds that Defendants' payment of $1,500 to Plaintiff for unpaid wages and liquidated damages and payment to Plaintiff's counsel of $3,500 in exchange for a dismissal of the action with prejudice and waiver of claims is a fair and reasonable resolution of the case.

The Court, therefore, **RECOMMENDS**:

1.    The parties' motion, including approval of the settlement agreement, be **GRANTED**;

2.    The Court dismiss the case with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 7, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett